NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000682
26-OCT-2017
08:14 AM**

NO. CAAP-16-0000682

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
VICTOR ESTRADA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH KONA DIVISION
(3DTA-14-01510)

SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Fujise and Leonard, JJ.)

Defendant-Appellant Victor Estrada (Estrada) appeals from an Amended Judgment and Notice of Entry of Amended Judgment, entered by the District Court of the Third Circuit, North and South Kona Division (District Court), on October 13, 2016.[1] The District Court convicted Estrada of one count of Operating a Vehicle While Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) and/or (3) (Supp. 2016).[2]

---

[1]  The Honorable Margaret K. Masunaga presided.

[2]  HRS § 291E-61(a) provides in relevant part:

(a)  A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1)  While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty;

. . . .

(3)  With .08 or more grams of alcohol per two hundred ten liters of breath[.]

On appeal, Estrada argues that the District Court (1) violated his constitutional right to (a) testify, by engaging him in a fatally deficient colloquy that was not a "true exchange" under Tachibana v. State, 79 Hawai'i 226, 900 P.2d 1293 (1995), and (b) due process, by denying his motion to continue trial to allow a material witness to testify; and (2) abused its discretion by denying his motions for extensions of time to file the notice of appeal and stay his sentence pending appeal.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Estrada's points of error as follows:

A. The district court failed to obtain, on the record, a valid waiver of Estrada's right to testify.

Although the State concedes Estrada's first point of error, "appellate courts have an independent duty 'first to ascertain that the confession of error is supported by the record and well-founded in law and second to determine that such error is properly preserved and prejudicial.'" State v. Veikoso, 102 Hawai'i 219, 221-22, 74 P.3d 575, 577-78 (2003) (quoting State v. Hoang, 93 Hawai'i 333, 336, 3 P.3d 499, 502 (2000)). In other words, the State's concession "is not binding upon an appellate court[.]" Hoang, 93 Hawai'i at 336, 3 P.3d at 502 (quoting Territory v. Kogami, 37 Haw. 174, 175 (Terr. 1945)) (internal quotation marks omitted).

The District Court failed to obtain, on the record, Estrada's knowing, voluntary, and intelligent waiver of his right to testify. See State v. Monteil, 134 Hawai'i 361, 369, 341 P.3d 567, 575 (2014) (recognizing Hawai'i's historically protected right to testify and right not to testify while stressing the importance of ensuring that a waiver of one's fundamental right to testify is "intelligent and voluntary"). State v. Pomroy, 132 Hawai'i 85, 91, 319 P.3d 1093, 1099 (2014) (the right to testify is guaranteed by the Fifth and Sixth Amendments to the United States Constitution; article I, sections 5, 10, and 14 of the

2

Hawai'i Constitution; and HRS § 801-2 (1993) and highlighting the protection of that right by obtaining an on-the-record waiver); State v. Staley, 91 Hawai'i 275, 287, 982 P.2d 904, 916 (1999) ("A defendant's waiver of a constitutional right must be knowing, intelligent, and voluntary."). The court engaged Estrada in the following colloquy:

> THE COURT: Um, I need to advise you again that you have a right to testify. If you want to testify no one can prevent you from testifying. If you choose to testify the prosecutor can cross-examine you. If you choose not to testify the Court cannot hold that against you. You understand?
>
> [Estrada]: Understand.
>
> THE COURT: Okay. Thank you.

A discussion of matters unrelated to the right to testify ensued, then Estrada's counsel stated:

> [Estrada's counsel]: You're not gonna testify. Right?
>
> . . . .
>
> [Estrada's counsel]: So Mr. Estrada who was also placed on our witness list is not going to testify his case.

The District Court neglected to advise Estrada that he had the right not to testify. See Tachibana, 79 Hawai'i at 236 n.7, 900 P.2d at 1303 n.7 (providing the guidelines for court to sufficiently advise criminal defendants of their right to testify and to sufficiently obtain an on-the-record waiver of that right in cases where defendant does not testify); Monteil, 134 Hawai'i at 370, 341 P.3d at 576 (the court's advisement must maintain an "even balance" between the defendant's right to testify and the right not to testify); State v. Lewis, 94 Hawai'i 292, 295, 12 P.3d 1233, 1236 (2000) (particular caution must be afforded to avoid infringing upon the right not to testify, which is "more fragile" than the right to testify).

More importantly, the District Court did not obtain Estrada's waiver of his right to testify directly from him but through his attorney only. See State v. Hoang, 94 Hawai'i 271, 278, 12 P.3d 371, 378 (App. 2000) (a defendant's waiver of his or her right to testify must be obtained directly from the

3

defendant, not "by proxy"). The failure to obtain Estrada's waiver directly from him rendered the waiver invalid.

The District Court's error in failing to obtain a valid waiver was not harmless beyond a reasonable doubt.

The State further argues that the defective Tachibana colloquy was harmless because there is no evidence in the record that Estrada's testimony might have cast reasonable doubt in the mind of the fact-finder. However, Estrada is not required to make such a showing. When a Tachibana colloquy is defective, the burden is on the State to show the error was harmless, or the conviction must be vacated. See Tachibana, 79 Hawai'i at 240, 900 P.2d at 1307 ("Once a violation of the constitutional right to testify is established, the conviction must be vacated unless the State can prove that the violation was harmless beyond a reasonable doubt."). The State has not met this burden.

Based on the record before us, it is unknowable whether the State would have established beyond a reasonable doubt that Estrada committed OVUII, had he testified. See Hoang, 94 Hawai'i at 279, 12 P.3d at 379 ("[I]t is inherently difficult, if not impossible, to divine what effect a violation of the defendant's constitutional right to testify had on the outcome of any particular case."). Therefore, we cannot hold that the defective colloquy was harmless error beyond a reasonable doubt.

> B. The District Court Abused its Discretion By Denying Estrada's Motions for an Extension of Time To File His Notice of Appeal and For a Stay Pending Appeal.

The District Court abused its discretion when it denied, on multiple occasions, an extension of time to Estrada so that he could obtain the services of the Public Defender to file his notice of appeal. However, the error was harmless. Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(b)(5) allows for an extension of time for good cause shown, when requested within thirty days of the judgment or appealable order. The record reflects that the District Court initially sentenced Estrada on September 1, 2016 to five days imprisonment, a $500 fine, and various assessment, fees, surcharges, a drug abuse assessment/treatment, referred him to drivers' education and took

4

under advisement a drug demand reduction fee. An amended judgment was entered on October 13, 2016 imposing the drug demand reduction fee. This substantive amendment of the sentence made the judgment final as of October 13, 2016. Thus, Estrada's October 14, 2016 notice of appeal filed one day after the final judgment was timely, even without an extension of time.

The District Court also abused its discretion when it denied Estrada's motions for a stay. An abuse of discretion occurs when the court "clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." State v. Crisostomo, 94 Hawai'i 282, 287, 12 P.3d 873, 878 (2000) (citations and internal quotation marks omitted). HRS § 641-14 (2016) provides, in pertinent part,

> (a) The filing of a notice of appeal or the giving of oral notice in open court at the time of sentence by the defendant or the defendant's counsel of intention to take an appeal may operate as a stay of execution and may suspend the operation of any sentence or order of probation, in the discretion of the trial court. If the court determines that a stay of execution is proper, the court shall state the conditions under which the stay of execution is granted. No stay granted on the giving of oral notice shall be operative beyond the time within which an appeal may be taken; provided that if an appeal is properly filed, the stay shall continue in effect as if the stay was based on a filing of the appeal.

On this subject, the Hawai'i Supreme Court has written,

> [a]lthough stays are discretionary under HRS § 641-14, HRS § 804-4(a) provides, "The right to bail shall continue after conviction of a . . . petty misdemeanor[.]" See also HRS § 804-4(b) ("No defendant entitled to bail, . . . shall be subject, without the defendant's written consent, to the operation of any sentence[] passed upon the defendant, while any proceedings to procure a review of any action of the trial court . . . are pending and undetermined, except as provided in section 641-14(a)[.]"). In State v. Ortiz, we held, "An accused misdemeanant, petty misdemeanant, or law violator on bail is entitled to bail as a matter of right after conviction and pending appellate review." 74 Haw. 343, 356, 845 P.2d 547, 553 (1993). Furthermore, pursuant to State v. Miller, 79 Hawai'i 194, 200-01, 900 P.2d 770, 776-77 (1995), once release on bail pending appeal is secured, a trial court is without jurisdiction under the sentence of probation that is the subject of the defendant's appeal.

State v. Kiese, 126 Hawai'i 494, 510, 273 P.3d 1180, 1196 (2012). The court went on to hold that, despite the fact that Kiese had served his sentence, the public interest exception to the

mootness doctrine applied and ruled that denial of the motion for stay was error.  Id.

Given the foregoing, we need not address Estrada's other point of error.

Therefore, IT IS HEREBY ORDERED that the October 13, 2016 Amended Judgment and Notice of Entry of Amended Judgment, entered by the District Court of the Third Circuit, North and South Kona is vacated and the case is remanded for a new trial.

DATED:  Honolulu, Hawai'i, October 26, 2017.

On the briefs:

Jon N. Ikenaga,
Deputy Public Defender,
for Defendant-Appellant.

*Craig H. Nakamura*

Chief Judge

Brit Barker,
Deputy Prosecuting Attorney,
County of Hawai'i
for Plaintiff-Appellee.

Associate Judge

Associate Judge